IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

DISNEY ENTERPRISES, INC., and
MARVEL CHARACTERS, INC.                        CASE NO.:

          Plaintiffs,

COBI LATINO, INC.;                             COMPLAINT FOR COPYRIGHT
MR. OBY CA; and                                INFRINGEMENT, TRADEMARK
REMIL H. RENNA GARCIA                          INFRINGEMENT; AND
                                                                      UNFAIR COMPETITION

         Defendants.
_____/

## COMPLAINT

Plaintiffs, Disney Enterprises, Inc. and Marvel Characters, Inc., by and through their undersigned attorneys, allege for their Complaint as follows:

### INTRODUCTION

1. Plaintiffs file this action to combat the intentional and willful infringement of their copyrighted properties and trademarks by Defendants Cobi Latino, Inc., Mr. Oby CA, and their owner and/or operator, Remil H. Renna Garcia (hereinafter collectively referred to as "Defendants"). Defendants operate related marketing and production companies in Florida and Venezuela that market and produce live theatrical shows utilizing Plaintiffs' copyrighted properties and trademarks without the permission of Plaintiffs in various countries in Latin America including, but not limited to, Peru, Venezuela and Ecuador.

2. Plaintiffs seek to halt Defendants' infringement of Plaintiffs' intellectual properties and seek a permanent injunction, damages, costs, and attorneys' fees as authorized by the Copyright Act, Lanham Act and Florida common law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as Plaintiffs' causes of action arises under The Copyright Act, 17 U.S.C. § 101 et. seq. and The Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et. seq. More specifically, this Court has subject matter jurisdiction over Defendants as they are marketing, selling and offering for sale their infringing theatrical productions through their Florida corporation, Cobi Latino, Inc., as well as through Defendants' primary website, www.misteroby.com, and social media accounts on Twitter, Facebook and Instagram, in the United States and the Southern District of Florida.

4. This Court may properly exercise personal jurisdiction over each of the Defendants. Cobi Latino, Inc. is a Florida corporation. Remil H. Renna Garcia is the President and primary operator of Cobi Latino, Inc. and upon information and belief, manages and operates the www.misteroby.com website whereby infringing marketing materials are advertised and distributed. Additionally, Remil H. Renna Garcia and Cobi Latino, Inc. are listed as the registrant, administrative contact, and technical contact for the www.misteroby.com website. Mr. Oby CA advertises, markets and promotes the infringing live theatrical shows through the www.misteroby.com website.

5. Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES
### Plaintiffs

6.  Plaintiff Disney Enterprises, Inc., (hereinafter "DEI") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

    A.  A significant aspect of DEI's business is the merchandising and licensing of distinctive characters and elements associated with its animated motion pictures and television programs including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Goofy, Pluto, Donald Duck, Daisy Duck, Queen Elsa, Princess Anna, Olaf, Sven, Doc McStuffins, and Jake and the Never Land Pirates, as well as from DEI's other motion pictures and feature movies (hereinafter collectively referred to as the "DEI Characters").

    B.  Each of the DEI Characters is covered by one or more copyright registrations with the U. S. Copyright Office (hereinafter collectively referred to as "DEI Copyrighted Properties"). A representative collection of registrations concerning the DEI Copyrighted Properties is indexed as Exhibit A.

    C.  DEI owns all rights, title and interest in and to, and holds the exclusive rights to market and sell services and merchandise bearing the word and/or design marks for (among others) Mickey Mouse, Minnie Mouse, Goofy, Pluto, Donald Duck, Daisy Duck, Frozen, Jake and the Never Land Pirates, and Doc McStuffins (hereinafter referred to as the "DEI Trademarks"). DEI possesses numerous federal and state registrations for these marks in conjunction with a wide variety of goods and services including, but not limited to, live stage shows, theme park and resort services,

3

travel-related goods, on-line services, apparel, books, newspapers, motion pictures, television entertainment and related visual works. Some, but by no means all, of the federal registrations concerning the DEI Trademarks are indexed as Exhibit B.

   D.  As a result of advertising and sales, together with longstanding consumer acceptance, the DEI Trademarks identify DEI's products and authorized sales of these products and services. The DEI Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

  7.  Plaintiff, Marvel Characters Inc. (collectively, "Marvel") is an affiliate of DEI, duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

   A.  Marvel and certain of its affiliated companies are engaged in a variety of businesses, including, without limitation, the production, distribution, and/or licensing of comic books, motion pictures, licensed merchandise, including toys and games, featuring the well-known characters Spider-Man, Hulk, Iron Man, Captain America, Thor, Black Widow and others (hereinafter individually and collectively referred to as the "Marvel Characters").

   B.  Each of the Marvel Characters is covered by one or more copyright registrations with the U.S. Copyright Office (hereinafter collectively referred to as "Marvel Copyrighted Properties"). A representative collection of registrations concerning the Marvel Copyrighted Properties is indexed as Exhibit C.

   C.  Marvel owns all rights, title and interest in and to, and holds the exclusive rights to market and sell services and merchandise bearing the word and/or

4

design marks for (among others) Spider-Man, Hulk, Iron Man, Captain America, Thor and Black Widow (hereinafter referred to as the "Marvel Trademarks"). Marvel possesses numerous federal registrations for these marks in conjunction with a wide variety of goods and services including, but not limited to, feature films, television shows, apparel, books, and related visual works. Some, but by no means all, of the federal registrations concerning the Marvel Trademarks are indexed as Exhibit D.

   D. As a result of advertising and sales, together with longstanding consumer acceptance, the Marvel Trademarks identify Marvel's products and authorized sales of these products and services. The Marvel Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

   8. The Plaintiff's copyrighted properties previously referred to as the DEI Copyrighted Designs and the Marvel Copyrighted Properties will hereinafter be referred to as the "Plaintiffs' Copyrighted Properties". Plaintiffs' trademarks previously referred to as the DEI Trademarks and the Marvel Trademarks will hereinafter be referred to as the "Plaintiffs' Trademarks". Plaintiffs' Copyrighted Properties and Plaintiffs' Trademarks will collectively be referred to as "Plaintiffs' Copyrighted Properties and Trademarks".

Defendants

9.     Defendant, Cobi Latino, Inc. (hereinafter referred to as "Cobi Latino") is a Florida corporation whose principal place of business is 1000 5th Street Suite 200, H-1, Miami Beach, FL 33139.

10.    Defendant, Mr. Oby CA (hereinafter referred to as "Mr. Oby") is, upon information and belief, a Venezuelan corporation, RIF. J-30831587-7, whose principal place of business is Av. Las Lomas Lagunita Mall, Floor 2, Ofc. S-01 and S-32, Lomas de la Lagunita, Caracas, Venezuela. Upon information and belief Mr. Oby also maintains offices in Colombia, at Cra 19A 84-29, Tower 7 Office 701, Bogota, Colombia, and in Ecuador, Trade Building, Tower A, 8th Floor, Office 818, Guayaquil, Ecuador.

11.    Defendant, Remil H. Renna Garcia (hereinafter referred to as "Renna") is, upon information and belief, an individual who resides in Venezuela, who regularly does business in this U.S. District through his Florida corporation, co-Defendant, Cobi Latino, Inc. Renna is the primary officer and/or director and registered agent of Defendant Cobi Latino, Inc. Upon information and belief, Defendant Renna is also the principal of Defendant Mr. Oby CA. Defendant Renna has the right and ability to supervise or control the infringing activity alleged herein and has a direct financial interest in such activity. In addition, Defendant Renna has knowledge or reason to know of the infringing activity and took actions that contributed to such activity.

INFRINGING CONDUCT

12. Defendants are in the business of advertising, marketing, promoting and producing live theatrical shows utilizing Plaintiffs' Copyrighted Properties and Trademarks (hereinafter referred to as the "Unauthorized Stage Show(s)").

13. Plaintiffs have never permitted Defendants to advertise, market, promote or produce the Unauthorized Stage Shows.

14. Defendants have been advertising, marketing, promoting and producing the Unauthorized Stage Shows since no later than November, 2014.

15. In November of 2014, the Defendants were advertising, marketing, promoting and producing an Unauthorized Stage Show, entitled "Aventuras Congeladas" (Aventuras Congeladas translates to read "Frozen Adventure"). The Aventuras Congeladas show was produced and preformed for audiences in Peru, Venezuela, and Ecuador from at least August 2014 through November 2014, with additional performances scheduled through December 2014.

16. The Aventuras Congeladas show was advertised on Defendants' primary website, http://www.misteroby.com/, as well as Defendants' then-existing social media pages located at the following URLs:

Facebook - https://www.facebook.com/cobimusic.latino

Twitter - https://twitter.com/cobimusic

*See* Exhibit E.

17. Each of the online advertisements for the Aventuras Congeladas show were available, distributed and reproduced in the United States and in the Southern

District of Florida. The online advertisements include audio video recordings of portions of the Unauthorized Stage Shows that further infringe the Plaintiffs' Copyrighted Properties and Trademarks.

18. On November 6, 2014, Plaintiff DEI, through its counsel, sent Defendant Renna a letter, advising that the Aventuras Congeladas show was infringing upon the DEI Copyrighted Properties and DEI Trademarks.

19. On November 7, 2014, Defendant Renna replied to Plaintiff DEI's letter advising that Defendants had ceased any advertising, marketing or promotion of the Unauthorized Stage Show.

20. Defendant Renna further advised that Defendants had ceased all unauthorized use of any of the DEI Copyrighted Properties or DEI Trademarks.

21. On or about September 14, 2015, Plaintiff DEI became aware that Defendants were again utilizing the DEI Copyrighted Properties and DEI Trademarks to advertise, market, promote and/or produce the Unauthorized Stage Shows.

22. The new show was marketed under the name "Vacaciones de Aventuras" (Vacaciones de Aventuras translates to read "Adventure Holidays").

23. On or about September 14, 2015, Plaintiff Marvel also became aware that Defendants were utilizing the Marvel Copyrighted Properties and Marvel Trademarks to advertise, market, promote and/or produce the Vacaciones de Aventuras show.

24. The Vacaciones de Aventuras show was being advertised, marketed and promoted through Defendants' primary website, located at

8

http://www.misteroby.com, as well as through their new or additional social media properties, located at the following URLs:

    Twitter    -    http://www.twitter.com/mrobylosidolos

    Facebook    -    http://www.facebook.com/Mr-OBY-117277978351044/

    Instagram    -    http://www.instagram.com/mrobylosidolos

*See* Exhibits F & G.

25. The online advertisements for the Vacaciones de Aventuras show include audio video recordings of portions of the show that further infringe the Plaintiffs' Copyrighted Properties and Trademarks.

26. Upon information and belief, Defendants partnered with several third-party organizations to advertise the Unauthorized Shows, as listed on Defendants' primary website. *See* Exhibit F.

27. Upon information and belief, Defendants caused one such partner to upload audio video portions of the Unauthorized Shows to YouTube, where unauthorized reproductions of Plaintiff's Copyrighted Properties and Trademarks are clearly utilized. *See* Exhibit H.

28. Defendants continued to advertise, market, promote and, upon information and belief, produce the Vacaciones de Aventuras show in performances running from September 23 through October 11, 2015. *See* Exhibit I.

29. On or about October 27, 2015, Plaintiff DEI became aware that Defendants were again utilizing the DEI Copyrighted Properties and DEI Trademarks to advertise, market, promote and/or produce a new Unauthorized Stage Show.

9

30. The new show is marketed under the name "Princesas Magicas" (Princesas Magicas translates to read "Magical Princesses").

31. The Princesas Magicas show is being advertised, marketed and promoted through Defendants' primary website, located at http://www.misteroby.com, as well as through their social media properties, located at the following URLs:

Twitter    -    http://www.twitter.com/mrobylosidolos

Facebook    -    http://www.facebook.com/Mr-OBY-117277978351044/

Instagram    -    http://www.instagram.com/mrobylosidolos

*See* Exhibits J & K.

32. Defendants are advertising, marketing and promoting live performance shows of Princesas Magicas scheduled from November 29 to December 13, 2015. *See* Exhibit K.

33. Each of the online advertisements for the current and former Unauthorized Stage Shows are available in the United States and in the Southern District of Florida.

34. Each of the online advertisements for the current and former Unauthorized Stage Shows shown in the attached exhibits utilize and infringe upon the "Plaintiffs' Copyrighted Properties and Trademarks".

35. As Plaintiff DEI previously corresponded with Defendant Renna prior to September 2015 regarding the unauthorized use of the DEI Copyrighted Properties and DEI Trademarks, Defendants were on actual notice that their activities were infringing.

COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. §501)

36. Plaintiffs incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

37. Defendants are advertising, marketing, promoting and/or producing Unauthorized Stage Shows that incorporate unauthorized reproductions and/or copies of the Plaintiffs' Copyrighted Properties, including, but not limited to, Queen Elsa, Princess Anna, Olaf, Sven, Doc McStuffins, Jake and the Never Land Pirates, Spider-Man, Hulk, Iron Man, Captain America and the Black Widow. Photographs of advertisements for the Unauthorized Stage Shows are attached as Exhibits F, G , H, J & K.

38. Defendants have never been authorized to advertise, market, promote, and/or produce the Unauthorized Stage Shows, which incorporate the Plaintiffs' Copyrighted Properties.

39. Defendants' conduct, described above, infringes upon Plaintiffs' Copyrighted Properties. Defendants had actual knowledge of Plaintiffs' exclusive rights. Each specific infringement of Plaintiffs' Copyrighted Properties can form the basis for a separate claim against Defendants under the Copyright Act.

40. Upon information and belief, Defendants' acted willfully and/or with reckless disregard of Plaintiffs' rights, and Defendants infringements have irreparably harmed the Plaintiffs' Copyrighted Properties and threaten further infringement and further irreparable harm to the Plaintiffs' Copyrighted Properties. As of November 9, 2015, Defendants continued to advertise, market, promote and/or produce the

Unauthorized Stage Shows. Further harm to Plaintiffs is imminent, and Plaintiffs are without an adequate remedy at law with respect to such harm. Unless Defendants' acts are enjoined, it is highly probable that Defendants, or others under Defendants' direction, will continue to advertise, market, promote and/or produce the Unauthorized Stage Shows.

41. Defendants have obtained illicit profits as a result of their wrongful acts.

42. Plaintiffs are entitled to their damages and Defendants' profits.

### COUNT II - TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. §§ 1114 and 1116)

43. Plaintiffs incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

44. Plaintiffs are the owners of the exclusive rights to the DEI Trademarks and the Marvel Trademarks, indexed as Exhibits B and D. All of the trademark registrations are in full force and effect.

45. Plaintiffs, or those under their authority, manufacture and distribute all of its advertising and products in conformity with the provisions of the United States trademark law.

46. Notwithstanding Plaintiffs' well-known and prior common law and statutory rights, Defendants have, with actual and constructive notice of Plaintiffs' rights, adopted and used Plaintiffs' Trademarks in conjunction with advertising, marketing, promoting and/or production of the Unauthorized Stage Shows in the State of Florida and in interstate commerce.

47. Defendants have advertised, marketed, promoted and/or produced the Unauthorized Stage Shows utilizing Plaintiffs' Trademarks without Plaintiffs' authorization. Defendants' unauthorized use of Plaintiffs' Trademarks both in the State of Florida and in interstate commerce has and will continue to cause a likelihood of confusion, deception, and mistake as to Plaintiffs' affiliation with Defendants.

48. Said acts of infringement will cause irreparable injury to Plaintiffs if Defendants are not restrained by the Court from further violation of Plaintiffs' rights, as Plaintiffs have no adequate remedy at law.

49. Plaintiffs have suffered damages as a result of Defendants' acts.

50. Defendants' use in commerce of Plaintiffs' Trademarks in conjunction with the Unauthorized Stage Shows is an infringement of Plaintiffs' Trademarks in violation of 15 U.S.C. § 1114(1).

51. Defendants committed the acts alleged herein willfully and/or with reckless disregard of Plaintiffs' rights.

COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT
(15 U.S.C. § 1125)

52. Plaintiffs incorporate by reference the allegations in the above paragraphs as if fully set forth herein.

53. As a direct result of Plaintiffs' longstanding use, sales, advertising, and marketing, Plaintiffs' Copyrighted Properties and Trademarks have acquired a secondary and distinctive meaning among the public who have come to identify Plaintiffs' Copyrighted Properties and Trademarks with Plaintiffs and their affiliated companies.

54. Defendants misappropriated Plaintiffs' Copyrighted Properties and Trademarks in order to confuse the public into believing that their conduct was authorized by the Plaintiffs.

55. Defendants, by misappropriating Plaintiffs' Copyrighted Properties and Trademarks in connection with the advertising, marketing, promoting, and/or producing of the Unauthorized Stage Shows are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their services.

56. Defendants have caused advertising for such services to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that its services are authorized or emanate from Plaintiff.

57. These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

58. Defendants have obtained gains, profits, and advantages as a result of its unlawful acts.

59. Plaintiffs have suffered monetary damages as a result of Defendants' acts.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants as follows:

A. Permanent injunctive relief restraining Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with it from:

    a. Advertising, marketing, promoting, and/or producing the Unauthorized Stage Shows;

    b. Using Plaintiffs' Copyrighted Properties or Trademarks in any unauthorized manner;

    c. Making any false statement or representation to suggest that Defendants are affiliated with or sponsored by Plaintiffs;

    d. Engaging in any other activity constituting unfair competition with or an infringement of any of Plaintiffs' Copyrighted Properties or Trademarks or constituting any dilution of Plaintiffs' names, reputations, or goodwill;

    e. Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a through d;

    f. Destroying or disposing of any evidence of Defendants' advertising, marketing, promoting, and/or producing the Unauthorized Stage Shows or Defendants' unauthorized use of Plaintiffs' Copyrighted Properties and/or Trademarks; and

    g. Aiding, abetting, or contributing to the advertising, marketing, promoting and/or producing of the Unauthorized Stage Shows or the unauthorized use of Plaintiffs' Copyrighted Properties and/or Trademarks.

B.  Directing that Defendants immediately cease the advertising, marketing, promoting and/or producing of the Unauthorized Stage Shows on each of their websites and social media websites and remove any references to the same.

C.  Directing that Defendants deliver for destruction any and all infringing merchandise in their possession or under their control bearing any of Plaintiffs' Copyrighted Properties and/or Trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, including but not limited to all costumes, sets, advertising copy, marketing materials, scripts, or other tangible items.

D.  Directing that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above.

E.  Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiffs authorized or are related in any way to any products advertised, marketed, promoted, offered for sale and sold by Defendants.

F.  Awarding to Plaintiffs from Defendants, as a result of Defendants' advertising, marketing, promoting, and/or producing the Unauthorized Shows, three times Defendants' profits, after an accounting, or statutory damages, should Plaintiffs opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of Plaintiffs' trademarks infringed upon by Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000.00) for

Plaintiffs' trademarks infringed upon by Defendants pursuant to 15 U.S.C. § 1114 and § 1117.

G. Awarding to Plaintiffs three times Defendants' profits, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

H. Awarding statutory damages, pursuant to 15 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750.00) nor more than Thirty Thousand Dollars ($30,000.00) per copyrighted property infringed upon by Defendant, at the Court's discretion, or One Hundred and Fifty Thousand Dollars ($150,000.00) per infringement, upon a finding that Defendant's conduct was willful.

I. Awarding to Plaintiffs their reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

J. Awarding to Plaintiffs their costs in bringing this action.

K. Awarding punitive damages to Plaintiffs for Defendants' willful acts of unfair competition under Florida's common law.

L. Awarding other such relief to Plaintiffs as this Court deems just.

Dated this 13th day of November 2015.

/s/ Michael W.O. Holihan
Michael W. O. Holihan
Florida Bar No.: 0782165
Anjali Sareen
Florida Bar No.: 110090
Holihan Law
1101 North Lake Destiny Road, Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575   Fax: (407) 660-0510
michael.holihan@holihanlaw.com
anjali.sareen@holihanlaw.com
Attorneys for Plaintiffs